[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 13, 1987, at Branford, Connecticut. Both parties have resided in this state since that date. There are two minor children issue of the marriage: Peter Daniel Hodgkins, born June 2, 1989, and Kyle Jerome Hodgkins, born January 13, 1991.
The evidence presented at trial has established that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground. The Court declines to assess fault to either party.
The Court has carefully considered the statutory criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
Custody
There shall be joint legal custody of the minor children with primary physical custody to the Defendant. The Plaintiff shall have reasonable and liberal rights of visitation with the minor children. The parties shall consult with each other in a good faith manner with respect to any problems regarding the children on any major issues. In the event the parties are unable to reach an agreement on a major issue, the Defendant wife shall have final decision-making authority.
Visitation
The Plaintiff father shall have reasonable and liberal visitation with the minor children, to include but not be limited to the following:
A. Alternate weekends from Friday after work, but no earlier than 4:00 p.m., to Sunday at 6:00 p.m.
B. Wednesday after work, but no earlier than 4:00 p.m., to Thursday morning at 9:00 a.m. CT Page 7654
C. Alternating Sundays from 6:00 p.m. until Monday morning at 9:00 a.m. In the event the Defendant mother has plans to be out of state on the alternating Sunday, she shall notify the husband one week in advance and the husand [husband] shall forego the Sunday night to Monday morning visitation for that weekend.
D. Mother's Day, Father's Day and the parents' birthdays shall be spent with the respective parent.
E. The parties shall share Easter, Thanksgiving and Christmas, with time of visitation alternating on a yearly basis starting in 1993 as follows:
 1. Easter — The mother shall spend from 9:00 a.m. to 2:00 p.m. and the father shall spend from 2:00 p.m. to 7:00 p.m. with the minor child.
 2. Thanksgiving — The father shall spend from 9:00 a.m. to 2:00 p.m. with the children and the mother shall spend from 2:00 p.m. to 7:00 p.m.
 3. Christmas — The mother shall spend from 3:30 p.m. on Christmas Eve to 1:00 p.m. on Christmas Day; the father shall spend from 1:00 p.m. on Christmas Day to the following day.
F. The parties shall alternate the remaining holidays. It is specifically understood that holiday schedules take priority over weekend schedules.
G. During the course of the year, each parent shall have the opportunity to spend three weeks of exclusive time with the minor children. These weeks shall be taken in one week intervals unless the parties agree otherwise and written notice shall be provided at least 30 days in advance.
H. As the children grow older and start to attend school, the above visitation schedule may have to be altered to suit the best needs and interests of the minor children. This Court anticipates that the parties will share school vacations by either taking one week each or dividing the school vacations equally.
I. The above visitation schedule is the one basically CT Page 7655 recommended by Family Relations and originally agreed to between the parties. The plaintiff has set up his evening college classes based on the above schedule. In the next semester or at the next change in courses, the Plaintiff shall attempt to set up his schedule to afford the Defendant a minimum of one weekend per month from Friday after school through Monday morning.
J. The Plaintiff shall be responsible for all transportation with respect to his visitation.
Child Support
A. In the past, the Plaintiff husband has earned approximately $30,000 per year. At the present time the Plaintiff has enrolled for evening classes to obtain a Masters in Counseling. He is receiving unemployment compensation, either total or partial, depending on his work income. His gross income to date has been $361 per week. The Plaintiff expects to obtain a second job to assist him financially. The Defendant is presently working 3 days per week. In October she expects to return to work full time at an annual salary of approximately $52,000.
B. The Court finds that the Plaintiff did not voluntarily lose his employment. The Plaintiff shall pay to the Defendant the sum of $50 per week per child. The Plaintiff shall promptly notify the Defendant of any change in his income so that appropriate orders, in connection with the Child Support Guidelines, can be entered.
C, After the arrears have been paid in full by the Plaintiff, he shall increase the amount of child support to $60 per week per child, or higher if the Child Support Guidelines so indicate at that time.
D. The Plaintiff shall be entitled to claim the minor child Kyle for income tax purposes.
E. The Defendant shall be entitled to claim the minor child Peter for income tax purposes.
Arrears
The Court finds a total arrearage of $2970. The Plaintiff shall pay the sum of $120 within 3 weeks of date and the balance of the arrearage shall be paid at the rate of $20 per week until CT Page 7656 paid in full.
Medical Coverage
The Defendant wife shall maintain medical insurance coverage as is available through her employment for the benefit of the minor children. Any uninsured or unreimbursed medical expenses for the minor children shall be equally divided between the parties.
Debts
A. The Plaintiff shall be responsible for the payment of the outstanding debt due to the Veterans Memorial Medical Center and he shall indemnify and hold the Defendant harmless thereto.
B. The parties shall each be responsible for the payment of one-half of any judgment entered with respect to the outstanding People's Mastercard joint obligation and each shall indemnify and hold the other harmless with regard to one-half of any indebtedness thereto.
C. The Plaintiff shall be responsible for the payment of one-half of the outstanding debt owed to Roman Oil and he shall indemnify and hold the Defendant harmless thereto.
D. The marital home located at 165 Dryden Drive, Meriden, Connecticut, is presently in foreclosure. Each of the parties shall indemnify and hold the other harmless with regard to one-half the amount of any deficiency judgment that may enter regarding the Court action known as Center Bank v. Hodgkins, et al, Docket #CV-93 343577. The mortgage holder has instituted suit against both parties to foreclose the mortgage on the jointly owned marital residence.
E. The Plaintiff shall be solely responsible for the sum of $750 owed to the attorney for the minor children. This amount shall not be dischargeable in bankruptcy.
Alimony
The Plaintiff shall pay to the Defendant as alimony the sum of $1 per year for a term of 6 years, or until the death or remarriage of the Defendant or the death of the Plaintiff, whichever event shall first occur. Said alimony shall be CT Page 7657 modifiable only in the event the Plaintiff files bankruptcy, or the Plaintiff fails to indemnify the Defendant on any debt the Plaintiff was ordered to hold the Defendant harmless, or the Defendant is unable to work due to a medical condition or illness. The term of said alimony shall be non-modifiable. The youngest child will be in school full time in 6 years.
Miscellaneous
All items of personalty presently in the possession of the respective parties shall remain their sole possession, free and clear of any claim from the other.
Insurance
The Plaintiff shall maintain his present life insurance in the amount of two hundred thousand dollars for the benefit of the two minor children, as irrevocable beneficiaries thereon, for so long as he has an obligation to support the minor children. The Defendant shall be named as the trustee for the minor children. The purpose of said life insurance is to secure child support payments. This provision shall be modifiable.
Change of Name
The Defendant is granted a change of name to "Barrett."
Pensions
Each party shall be entitled to their respective pension plan, free from any claim by the other.
Stock
The Defendant shall be entitled to the one share of IBM Stock.
Barbara A. Coppeto, Judge